## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 10-CR-0048-02-CVE** |
| | ) | |
| **SULLIVAN ERIC JOHNSON,** | ) | **FILED** |
| | ) | |
| **Defendant.** | ) | MAY 25 2010 |

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## PLEA AGREEMENT

The United States of America, by and through Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma, and Lanny D. Welch, Special Assistant United States Attorney, and the defendant, Sullivan Eric Johnson, in person and through counsel, Stanley D. Monroe, respectfully inform the Court that they have reached the following plea agreement.

1.    **Plea**

The defendant agrees to enter voluntary plea of guilty to the following:

### COUNT 1: 18 U.S.C. § 371

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the count to which the defendant is pleading guilty.

Revised 07-21-08

Defendant's Initials

## 2.      Waiver of Constitutional Rights

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.      the right to plead not guilty;

b.      the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

c.      at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

d.      the defendant has the right to assist in the selection of the jury;

e.      during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

f.      the defendant has the right to confront and cross-examine witnesses against the defendant;

g.      if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

h.      if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

i.      if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

j.      at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

By pleading guilty, the defendant will be giving up all of these rights.  By pleading guilty, the defendant understands that the defendant may have to answer questions posed to

-2-

Defendant's Initials

defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

**3.**     **Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

       a.     The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

       b.     The defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

       c.     The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005);

       d.     The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver;

       e.     The defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the Government; and

       f.     The defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent order.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that defendant understands his rights; and that defendant knowingly and voluntarily waives those rights as set forth above.

_____
**Sullivan Eric Johnson**

-3-

Defendant's Initials

### 4.     Freedom of Information Act Waiver

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 5.     Rule 11 Rights Waiver

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure.  In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

        a.     A plea of guilty which is later withdrawn or which the defendant seeks to withdraw;

        b.     Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty;

        c.     Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn.

### 6.     Waiver of Right to Jury Trial on Sentencing Factors

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the indictment,

-4-

Defendant's Initials

(2) proven to a jury, or (3) proven beyond a reasonable doubt.  The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial. The defendant explicitly acknowledges that his plea to the charged offense authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code.  The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

7.     **Payment of Monetary Penalties**

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement.  The defendant understands that, by law, interest accrues on any remaining balance of the debt.

8.     **Restitution for Offense of Conviction**

The defendant understands that the Court can order the defendant to pay restitution for the full loss caused by defendant's conduct set forth above.  The defendant agrees to the

-5-

Defendant's Initials

entry of a Restitution Order for the full amount of the victims' losses. At this time, the

Government is aware that the following victims have suffered the following losses:

| | |
|---|---|
| Bank of Oklahoma | $1,157,241.00 |
| Bank of Oklahoma Tower | |
| One Williams Center | |
| Tulsa, Oklahoma 74172 | |

The defendant understands that if the offense of conviction occurred after April 24, 1996,

restitution is mandatory without regard to the defendant's ability to pay. Any restitution

ordered may be off-set against any payments made by Larry Koch or paid by the estate of

Brad Carson.

9.      **Restitution not Dischargeable in Bankruptcy**

The defendant further agrees that any amount ordered by the Court to be paid as

restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

10.     **Forfeiture Agreement**

The defendant agrees not to contest the Forfeiture Allegation of the Indictment and

agrees to the imposition of a forfeiture judgment against him in the amount of $1,157,241.00.

Defendant acknowledges and agrees that the amount of this judgment constitutes the amount

of proceeds derived from Count 1.

The defendant further agrees to waive all constitutional and statutory challenges in

any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture

carried out in accordance with this Plea Agreement on any grounds, including that the

-6-

Defendant's Initials

forfeiture constitutes an excessive fine or punishment. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past ten years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

**11.   Special Assessment**

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

**12.   Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. § 371 are as follows:

1.   The defendant agreed with at least one other person to violate the law.

2.   One of the conspirators engaged in at least one overt act furthering the conspiracy's objective.

3.   The defendant knew the essential objective of the conspiracy.

4.   The defendant knowingly and voluntarily participated.

Defendant's Initials

5.   There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, Sullivan Eric Johnson, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crime alleged in Count 1 in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crime.

I, Sullivan Eric Johnson, admit that I knowingly aided and abetted and conspired with Larry Koch and Brad Carson to make false statements to the Bank of Oklahoma, a federally insured financial institution, in violation of Title 18, U.S.C. §§ 1014 and 2.

I, Sullivan Eric Johnson, also knowingly aided and abetted and conspired with Larry Koch and Brad Carson to execute a scheme or attempt to execute a scheme to obtain money by means of false and fraudulent pretenses and representations from the Bank of Oklahoma, in violation of Title 18, U.S.C. §§ 1344(2) and 2.

I, Sullivan Eric Johnson, also knowingly aided and abetted and conspired with Larry Koch, an officer and employee of the Bank of Oklahoma, and Brad Carson to misapply money belonging to or in the care, control and custody of the Bank of Oklahoma, in violation of Title 18, U.S.C. §§ 656 and 2.

As a result of the false statements and misrepresentations made by me, Larry Koch and Brad Carson, a loan was issued on May 18, 2000, by the Bank of Oklahoma, guaranteed in part by the Small Business Administration, in the amount of $1,400,000.00. The loan would not have been issued by the Bank of Oklahoma

-8-

Defendant's Initials

Case 4:10-cr-00048-CVE   Document 31   Filed in USDC ND/OK on 05/25/10   Page 9 of 17

if Larry Koch, Brad Carson and I had not provided false information to the bank regarding the loan and the $350,000.00 down payment required by the bank. The overt acts charged in paragraphs 12 through 22 of the indictment were committed by Larry Koch, Brad Carson and/or me to cause the bank to issue the loan.

After recovery by the Bank of Oklahoma of some of the loan proceeds, there remains an unrecovered balance of $1,157,241.00 which is the basis for the forfeiture judgment.

_____          05/25/2010
**Sullivan Eric Johnson**                              Date
Defendant

### 13.    **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service.  The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

-9-

Defendant's Initials

14.    **Dismissal of Remaining Count**

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining count in the instant indictment as to this defendant.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter. In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

15.    **Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

-10-

Defendant's Initials

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

16.   **Sentence**

   1.   **Imprisonment**

The defendant acknowledges that under 18 U.S.C. § 371 the maximum statutory sentence is five (5) years imprisonment, and a fine of not more than $250,000.

   2.   **Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed three (3) years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized

-11-

Defendant's Initials

in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release.  Further, if the crime of conviction occurred after September 13, 1994, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)).  If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3).  Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

### 3.   Guidelines

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory.  The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.  *See* 18 U.S.C.A. § 3553(a).

-12-

Defendant's Initials

The sentence imposed in federal court is without parole.  The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum.  The defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court.

If the sentencing Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this agreement.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing.  The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the calculation of the sentence. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.

The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge, and that the sentencing judge is not bound

-13-

Defendant's Initials

by the following stipulations.  The United States cannot and does not make any promise or representation as to what sentence the defendant will receive.

17.   **Stipulations**

Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

18.   **Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

19.   **Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein.  Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by

-14-

Defendant's Initials

either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5) and except for the limited reasons outlined above in this paragraph.

In the event that SULLIVAN ERIC JOHNSON, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

### 20.   **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

-15-

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     05/25/2010
SULLIVAN ERIC JOHNSON                Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____     5/25/10
STANLEY D. MONROE                    Dated
Counsel for the Defendant

-17-

SO AGREED:

THOMAS SCOTT WOODWARD
UNITED STATES ATTORNEY

_____        _____5/25/10_____
LANNY D. WELCH                          Dated
Special Assistant United States Attorney


_____        _____5/25/10_____
STANLEY D. MONROE                       Dated
Attorney for Defendant

_____        _____05/25/2010_____
SULLIVAN ERIC JOHNSON                   Dated
Defendant

-16-

